**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WELLS FARGO BANK, N.A.,

 Plaintiff - Appellee,

 v.

ANTONIO I. ORTEGA,

 Defendant - Appellant.

No. 11-8060

(D. Wyoming)

(D.C. No. 2:09-CV-00241-WFD)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **O'BRIEN**, Circuit Judges.

---

 Wells Fargo Bank sued Antonio Ortega in the United States District Court

for the District of Wyoming for breach of contract, alleging that he had defaulted

on a promissory note and a guaranty with The Jackson State Bank & Trust (the

Bank), Wells Fargo's predecessor-in-interest. The district court granted summary

judgment in favor of Wells Fargo. Mr. Ortega now appeals. He argues that the

district court erred (1) in rejecting his promissory-estoppel defense, (2) in

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

refusing to reduce the judgment by the amount of Wells Fargo's winning bid at a postjudgment foreclosure sale of property securing the loan guaranteed by Mr. Ortega, and (3) by setting the postjudgment interest rates on the loan and guaranty at the contract rates rather than the statutory rate. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.    BACKGROUND

In 2007 Mr. Ortega signed a promissory note with the Bank for a line of credit not to exceed $2 million. The note required Mr. Ortega to make regular payments and a final balloon payment on the maturity date of April 2, 2008, which was later extended to November 19, 2008. In November 2008, Mr. Ortega ceased making payments. Wells Fargo, by then the successor to the Bank, demanded payment in full, without success.

Also in 2007, Mr. Ortega signed a guaranty of a $13.5 million loan from the Bank to Tatanka Hotel Development Partners, LLC, in which he had an ownership interest. The loan required monthly interest payments, with the principal due in full on April 2, 2009. It was secured by a mortgage on land owned by Tatanka in Teton County, Wyoming (the Property). Tatanka ceased making payments on the loan in November 2008 and Wells Fargo demanded payment in April 2009, but both Tatanka and Mr. Ortega refused to pay.

Wells Fargo then filed its breach-of-contract action against Mr. Ortega, seeking the amount owed under the promissory note and the guaranty. It moved

for summary judgment but Mr. Ortega raised several defenses, including a promissory-estoppel argument that oral promises by the Bank barred the suit. He submitted his affidavit asserting that in agreeing to the loan and guaranty he relied upon promises by the Bank's senior representatives that the maturity dates for the loans would be extended as long as the value of the Property exceeded the aggregate of the loan balances.

The district court granted summary judgment, ruling that the promissory note and guaranty were unambiguous and should be enforced according to their terms. In particular, it stated that Mr. Ortega's promissory-estoppel argument failed because it was "based upon 'advice' and 'promises' allegedly made by the President of [the Bank] . . . *prior* to the execution of the Ortega Promissory Note and the Tatanka Guaranty." Aplt. App. at 191 n.2. The court awarded $2,295,485.62 for breach of the promissory note and $17,343,446.93 for breach of the guaranty, with postjudgment interest set at the contract interest rates. In December 2010, following entry of judgment, Wells Fargo foreclosed on the Property. At the foreclosure sale it was the successful buyer, purchasing the Property with a $13.5 million credit bid. On January 28, 2011, Wells Fargo filed a Partial Satisfaction of Judgment in the amount of $13.5 million to reflect its bid.

Meanwhile, on January 18, 2011, Mr. Ortega had filed a motion requesting that the district court reduce the amount of the judgment by the amount of the Wells Fargo bid. The court denied the request as "unnecessary." *Id.* at 348.

-3-

## II. DISCUSSION

We review the grant of summary judgment de novo, applying the same legal standard that the district court should apply. *See In re Universal Serv. Fund Tel. Billing Practice Litig.*, 619 F.3d 1188, 1202 (10th Cir. 2010). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### A. Promissory Estoppel

The elements of promissory estoppel are (1) "a clear and definite agreement," (2) reasonable reliance by the party claiming estoppel, and (3) "equities supporting the enforcement of the agreement." *Baker v. Ayres & Baker Pole & Post, Inc.*, 170 P.3d 1247, 1250 (Wyo. 2007). Mr. Ortega acknowledges that Wyoming law requires his claim of promissory estoppel to be based on promises made by the Bank after he executed the loan agreement and the guaranty. *See id.* at 1251 (promissory estoppel applies only when there is no contract, although it "may arise from the conduct of parties *after* the execution of a written contract"); *Patel v. Harless*, 926 P.2d 963, 965 (Wyo. 1996) ("When the provisions of a contract are not ambiguous or uncertain, the document speaks for itself, and parol evidence which tends to show that a prior or contemporaneous oral agreement or tacit understanding was made with respect to the terms of the agreement is inadmissible."). Mr. Ortega contends that the Bank promised to extend the loans after they were advanced and that he reasonably relied on those

promises. The record, however, does not support the contention. He relies on the following statement in his affidavit:

> In around July 2008, and several times thereafter, Jim Ryan of [the Bank] called me to ask if I would agree to secure the $2.0 million part of the Loan through a lien on the . . . Property. I agreed to this request, and Ryan promised to send over the necessary paperwork for my execution. Based upon Ryan's repeated representations and in reliance on my agreement with [the Bank], I did not undertake any effort to find replacement financing and awaited the necessary paper work from [the Bank]. Because the Property's value continued to exceed the total advances for the Loan, I was not initially concerned about the formal paperwork, as I believed that [the Bank] would continue to honor its promises.

Aplt. App. at 156–57. But this statement does not allege that any promise was made after the execution of the promissory note or the guaranty. Mr. Ortega does not explain, nor can we fathom, how the Bank's (later abandoned) request that he collateralize his loan with the Property constituted a promise by the Bank or how he could have relied to his detriment on the request. The district court did not err in concluding that Mr. Ortega failed to create a genuine issue of material fact on his promissory-estoppel defense.

## B.    Reduction of the Judgment

Mr. Ortega contends that the district court should have reduced the damage award in the original judgment by the amount of Wells Fargo's bid at the foreclosure sale for the Property. But Wells Fargo had already properly filed a Partial Satisfaction of Judgment reflecting the bid. The court therefore did not err in ruling that modification of the judgment was unnecessary.

## C. Rates of Postjudgment Interest

Mr. Ortega contends that the district court erred in setting the postjudgment interest rates at the contract interest rates because 28 U.S.C. § 1961(a) establishes the postjudgment rate. *See Soc'y of Lloyd's v. Reinhart*, 402 F.3d 982, 1004 (10th Cir. 2005). He complains that the interest rate on the promissory note was 6.5% and the rate on the guaranty was 18%, whereas the applicable statutory interest rate would have been merely 0.3%.

As pointed out by Wells Fargo, however, this contention was not raised below. Although Mr. Ortega requested a reduction of the amount of the award and argued in his brief in opposition to summary judgment about the interest rate Wells Fargo charged during default, he never raised § 1961(a) or challenged the postjudgment interest rate.

Because Mr. Ortega failed to raise the issue in district court, we review only for plain error. *See Somerlott v. Cherokee Nation Distribs., Inc.*, No. 10-6157, 2012 WL 3055566, at *3 (10th Cir. July 27, 2012). We will reverse only if (1) there was error, (2) the error is plain, (3) it affects substantial rights, and (4) it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at *5. Here, Mr. Ortega has failed to persuade us that the fourth prong of plain error has been satisfied because he does not "identify any particular injustice beyond the loss of [his] possibly meritorious claim." *Id.* at *6. We therefore must affirm.

-6-

## III. CONCLUSION

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge